J-S45020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:   PENNSYLVANIA
:
v.   :
:
:
:
MITCHELL WILLIAMS,   :
:
Appellant   :   No. 1610 EDA 2018

Appeal from the PCRA Order April 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001812-2009

BEFORE:   BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:            **FILED AUGUST 16, 2019**

Mitchell Williams (Appellant) appeals *pro se* from the order denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Because we agree with the PCRA court that Appellant's petition is untimely, we affirm.

On September 17, 2010, a jury convicted Appellant of robbery, criminal conspiracy, firearms not to be carried without a license, and possessing an instrument of crime. On April 15, 2011, the trial court sentenced Appellant to an aggregate 10 to 20 years of incarceration. Appellant filed a timely post-sentence motion, which the trial court denied on May 3, 2011. Appellant filed a direct appeal. This Court affirmed the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Williams***, 62 A.3d 447 (Pa. Super. Oct. 2, 2012) (unpublished memorandum). Appellant petitioned for allowance of appeal, which the Pennsylvania Supreme Court denied on April 17, 2013. ***Commonwealth v. Williams***, 64 A.3d 632 (Pa. 2013).

On March 24, 2014, Appellant filed his first PCRA petition. The PCRA court appointed counsel, who filed a ***Turner/Finley***[1] no-merit letter and motion to withdraw as counsel on July 16, 2015. The PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907 on September 30, 2015. The PCRA court dismissed the petition on November 5, 2015, and granted counsel's request to withdraw from representation. Appellant filed an appeal on December 1, 2015. This Court dismissed the appeal on August 17, 2016 because Appellant did not file a brief.

On January 29, 2018, Appellant filed the underlying *pro se* PCRA petition, his second. On April 4, 2018, the PCRA court issued Rule 907 notice. The court dismissed the petition on April 24, 2018. The docket indicates that Appellant filed a notice of appeal on May 29, 2018; the appeal is timely because the envelope in which the notice of appeal was mailed bears an

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

"INMATE MAIL DEPARTMENT OF CORRECTIONS" date stamp of May 23, 2018.[2]

Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents three issues:

1. Whether the PCRA Court erred in failing to comply with Pennsylvania Rule of Criminal Procedure 907(1)?

2. Whether the PCRA Court erred in holding that [Appellant] failed to satisfy the requirements for filing a second or subsequent PCRA petition?

3. Whether the PCRA Court erred in holding that [Appellant] failed to allege that he satisfied the requirements to establish an exception to the time-bar?

Appellant's Brief at 4.

Consistent with the foregoing, we must determine whether we have jurisdiction to decide Appellant's claims. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)).

A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[2] Pennsylvania Rule of Appellate Procedure 121(a), also known as the "Prisoner Mailbox Rule", provides that "[a] pro se filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities [,] ... as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the pro se filing with the prison authorities."

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[3] If a petition is untimely, and the petitioner has not pled and proven any exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

As noted above, the trial court sentenced Appellant on April 15, 2011, and this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Williams*, 62 A.3d 447 (Pa. Super. Oct. 2, 2012) (unpublished memorandum). On April 17, 2013, the Pennsylvania Supreme

_____

[3] Act 146 of 2018 amended 42 Pa.C.S.A. §9545(b)(2), effective December 2017, and now provides that a PCRA petition invoking a timeliness exception be filed within one year of the date the claim could have been presented; the prior law required that the petition be filed within 60 days. The amendment applies to Appellant, who filed his petition on January 29, 2018.

Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Williams***, 64 A.3d 632 (Pa. 2013). Appellant did not seek a writ of certiorari with the United States Supreme Court. Thus, Appellant's judgment of sentence became final on July 16, 2013, when the 90 day period for Appellant to file a petition for a writ of *certiorari* expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[ ]").

Appellant's underlying PCRA petition, which he filed on January 29, 2018, is therefore untimely, and we lack jurisdiction unless he has pled and proved one of the three timeliness exceptions of section 9545(b)(1). ***See Derrickson***, 923 A.2d at 468.

Appellant asserts that he qualifies for an exception to the time bar under § 9545(b)(1)(ii). ***See*** Appellant's Brief at 10. He argues:

> The "new facts" were based on a letter by [Appellant's] trial attorney explaining his strategy and demonstrating a failure to execute that strategy. [Appellant] exercised due diligence in obtaining those facts and they were presented within [the time prescribed by the statute for] obtaining them. The order of the PCRA court is not supported by the record and is not free from legal error.

***Id.***

- 5 -

We have explained:

> The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Commonwealth v. Brown***, 141 A.3d 491, 500 (Pa. Super. 2016), citing ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007).

The "new facts" to which Appellant refers implicate the effectiveness of trial counsel. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa. Super. 2014). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted).

Further, counsel "is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Commonwealth v.***

*Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011). It is well settled that "counsel cannot be held ineffective for failing to pursue a meritless claim[.]" *Commonwealth v. Hall*, 867 A.2d 619, 632 (Pa. Super. 2005).

Instantly, in support of his "newly discovered evidence" of trial counsel's ineffectiveness, Appellant attached to his PCRA petition four exhibits, consisting of two letters he wrote to trial counsel, and trial counsel's two letters in response, which were written between April and November of 2017. *See* PCRA Petition, 1/29/18, Exhibits A-D. Appellant states, "trial counsel's letter does reveal 'new facts.' Trial counsel was clearly responding to, and addressing, matters that he believed were not previously discussed with [Appellant]. His responses, and the statements themselves, reveal the degree of trial counsel's lack of preparation and failure to develop a 'sound trial strategy.'" Appellant's Brief at 19-20. We are not persuaded by Appellant's claim.

The PCRA court succinctly and accurately explained:

[Appellant] assert[s] that his receipt of a letter from trial counsel, Francis Carmen, Esq., of the Defender Association of Philadelphia, dated November 28, 2017, raised facts that were previously unknown to [Appellant], thus exempting [Appellant] from the time bar pursuant to 42 Pa.C.S.A. § 9543(b)(2)(ii). Mr. Carmen's response, which addressed [Appellant]'s questions regarding trial strategy following a series of conversations, stated that "the overall strategy is exactly what we agreed it would be . . ." He then reviewed the various concerns raised by [Appellant]. [Appellant] first contacted Mr. Carmen concerning trial strategy on April 11, 2017, well after his first PCRA appeal was dismissed by our Superior Court. Although [Appellant] asserts that his knowledge of Counsel's trial strategy is new information, it is clear that both [Appellant] and Mr. Carmen had discussed the trial

strategy at length, prior to trial. [Appellant] cannot now claim that these "facts were unknown to him and that he exercised due diligence in discovering those facts."

PCRA Court Opinion, 8/14/18, at 6.

Upon review, we agree with the PCRA court. Thus, as Appellant has failed to plead and prove an exception under § 9545(b)(1), we are without jurisdiction to address the merits of his appeal. We therefore affirm the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/19